IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CEDARS OF CHALET and HAMMOND RESIDENTIAL, Plaintiffs, v. DANIELLE DOZIER, *and all other occupants*, Defendant. | CIVIL ACTION FILE NO. 1:15-cv-4214-WSD-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Danielle Dozier's application for leave to proceed in forma pauperis ("IFP") on her notice of removal from the Magistrate Court of DeKalb County. (Doc. 1). After consideration of Defendant's application, I find that she meets the financial requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

This Court, however, does not have proper jurisdiction over the action. The underlying case is a dispossessory action containing no federal claim, and therefore any removal based on federal question jurisdiction would be improper. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); see also

U.S. Bank Nat. Ass'n v. Sanders, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).

In Anderson, the Supreme Court recognized two exceptions to the general removal rule discussed above: (1) when Congress creates an explicit statutory ground for removal; and (2) when federal law completely preempts the state law in question. 539 U.S. at 8, 123 S.Ct. at 2063. Neither exception has any apparent application here, and Dozier makes no attempt to show that either applies.

Further, Dozier does not allege that diversity jurisdiction exists. Any such argument would lack merit, as "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F.Supp.2d 1378, 1382 (N.D. Ga. 2010). Moreover, Dozier's conclusory allegation that the lower court violated the Fourteenth Amendment is insufficient to invoke removal jurisdiction under 28 U.S.C. § 1443. Accordingly, this Court lacks jurisdiction over the case, and it should be remanded to DeKalb County Magistrate Court.

In sum, because Dozier has sufficiently demonstrated indigency, her IFP motion is **GRANTED**. However, because she has not demonstrated that this Court

has jurisdiction over the case, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of DeKalb County.

IT IS SO ORDERED and RECOMMENDED this 9th day of December, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)